## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON DALE HENDERSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:18-CV-2902-C-BH |
| | ) | |
| AMBER GUYGER, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is the plaintiff's *Motion to Proceed In Forma Pauperis*, received on November 6, 2018 (doc. 10). Based on the relevant filings and applicable law, the motion should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I. BACKGROUND

The plaintiff filed this action in the Eastern District of Texas on October 25, 2018, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 1, 3.) After the case was transferred to this district, by *Notice of Deficiency and Order* dated November 1, 2018, he was notified that his IFP application did not have enough information to decide if IFP status was appropriate because it did not included a certified copy of the trust fund statement (or institutional equivalent) as required by 28 U.S.C. § 1915(a)(2). (*See* doc. 8.) The plaintiff was ordered to either pay the filing fee or file his IFP application with the required trust fund statement within thirty days, and he was specifically advised that failure to do so could result in the dismissal of his case. *Id.*

On November 6, 2018, the plaintiff filed an amended complaint and a new IFP motion, but he did not include the required trust fund statement. (*See* docs. 9, 10.) By *Second Notice of Deficiency and Order* dated November 9, 2018, he was notified that his IFP application still did not

have enough information to decide if IFP status was appropriate because it did not include a trust fund statement. (*See* doc. 11.)  The plaintiff was again ordered to either pay the filing fee or file his IFP application with the required trust fund statement within thirty days, and he was again specifically advised that failure to do so could result in the dismissal of his case. *Id.*  More than thirty days from the date of the November 9, 2018 order have passed, but the plaintiff has not paid the filing fee or filed the required trust fund statement, and he has not filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has not provided a certified copy of the trust fund statement (or institutional equivalent) as required by 28 U.S.C. § 1915(a)(2).  He has therefore not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the required filing fee.[1]  His application to proceed *in forma pauperis* should be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.*  The $50 administrative fee will not be deducted. *Id.*

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the two orders that he pay the filing fee or submit an IFP application supported by the required trust fund statement despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## IV. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff either pays the filing fee or submits his application to proceed *in forma pauperis* with a trust fund statement within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 10th day of May, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4